IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-01736-CNS-KAS

RAYMOND TODD SURFACE,

    Plaintiff,

v.

KELLY ANN BURKE,

    Defendant.

_____

### RECOMMEDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Defendant's **Motion to Dismiss** [#7], which seeks dismissal under Fed. R. Civ. P. 12(b)(1) or, alternatively, under Fed. R. Civ. P. 12(b)(6). Plaintiff, who proceeds as a pro se litigant,[1] filed a Response [#10] in opposition to the Motion [#7], and Defendant filed a Reply [#11]. The Motion [#7] has been referred to the undersigned. *See Memorandum* [#9]. The Court has reviewed the briefs, the entire case file, and the applicable law. For the reasons stated below, the Court **RECOMMENDS** that the Motion [#7] be **GRANTED** and that Plaintiff's claim be **DISMISSED WITHOUT PREJUDICE**.

---

[1] The Court must liberally construe a pro se litigant's filings. *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). In doing so, the Court should neither be the pro se litigant's advocate nor "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

## I. Background

Plaintiff and Defendant are the biological parents of C.R.S.,[2] a minor child who was born on March 8, 2021. *See Compl.* [#1] at 1. In the summer of 2021, after C.R.S. was born, the parties separated and, initially, they evenly split parenting time. *Id.* at 2, ¶ 2. However, later that summer, Defendant "claimed that being away from her infant daughter was too emotionally stressful" and the parties made a "temporary" agreement that Defendant would have more "nights with [C.R.S.] in her infancy." *Id.*, ¶ 3. In October 2021, the parties "were working on a parenting plan" with counsel retained by Defendant. *Id.*, ¶ 3. However, when Plaintiff "refused to execute the statutory parenting plan," Defendant filed Case No. 21DR30902 in the District Court for the City and County of Denver, Colorado (the "state court case"). *Id.* at 3, ¶ 5; *id.* at 7.

Plaintiff alleges that since 2021, he has "been with [C.R.S.] 14% of the time while the [Defendant] has had [C.R.S.] the other 86% of the time." *Id.* at 6. He contends that he "never agreed nor has been willing to accept less than a 50/50 parenting split with [Defendant]." *Id.* at 4. He asserts that his "access to [C.R.S.] has been unjustly limited, strained, and stressful due to the unilateral actions of [Defendant], which were sanctioned by the State lower court." *Id.* at 5-6. Among other things, he claims that Defendant "kept [C.R.S.] away from [him] for 5 weeks, under [erroneous] allegations" and that "[t]he state venue is unfit." *Id.* at 6. He seeks "the restoration of parenting right of [C.R.S.]" as well as a "$500 penalty for everyday [Plaintiff] has less than 50% parenting time with [C.R.S.]" as

---

[2] Plaintiff identifies the minor child by her full name, but then throughout his Complaint [#1] refers to her as "the living girl" and "biological property". *See Compl.* [#1] at 2-4, ¶¶ 1-15. Pursuant to Fed. R. Civ. P. 5.2(a)(3), unless the Court orders otherwise, filings that contain "the name of an individual known to be a minor" may include only "the minor's initials". In this Recommendation, the Court uses her initials.

well as attorney fees relating to case No. 21DR30902 if the Court determines that Defendant's actions were "baseless, frivolous and ultimately willful". *Id.* at 8.[3]

## II. Standard of Review

"To survive a 12(b)(1) motion to dismiss, a plaintiff must demonstrate that the court has subject-matter jurisdiction." *Audubon of Kan., Inc. v. U.S. Dep't of Interior*, 67 F.4th 1093, 1108 (10th Cir. 2023). In other words, "[a] Rule 12(b)(1) motion to dismiss only requires the court to determine whether it has authority to adjudicate the matter." *Kenney v. Helix TCS, Inc.*, 939 F.3d 1106, 1108 (10th Cir. 2019). Because federal courts are tribunals of limited jurisdiction, the Court must establish a statutory basis to exercise jurisdiction. Fed. R. Civ. P. 12(b)(1); *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). The Court may only exercise jurisdiction "in the presence rather than the absence of statutory authority." *Castaneda v. I.N.S.*, 23 F.3d 1576, 1580 (10th Cir. 1994) (quoting *Wyeth Lab'ys v. U.S. Dist. Court*, 851 F.2d 321, 324 (10th Cir. 1988)). "The party invoking federal jurisdiction has the burden to establish that it is proper, and there is a presumption

---

[3] The Court notes that the Complaint [#1] sets forth no clear basis for federal court jurisdiction. In the "Parties" section, Plaintiff alleges that both he and Defendant are domiciled in Colorado, so there is no diversity jurisdiction. *See* Compl. [#1] at 1. In his "Jurisdiction" section, Plaintiff asserts that "[t]his is a common law claim between people and rights to their biological property." *Id.* at 2. However, both property rights and domestic relations are creatures of state law, not federal law. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (reaffirming that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states and not to the laws of the United States") (quoting *Ex parte Burrus*, 136 U.S. 586, 593-94 (1890)); *Ewers v. Bd. of Cnty. Comm'rs*, 874 F.2d 736, 738 (10th Cir. 1989) ("State law does determine the existence of property rights."). Plaintiff does not invoke any federal statute or constitutional provision in his statement of facts, cause of action, or prayer for relief, nor does he assert that any statute or constitutional provision has been violated, so federal question jurisdiction does not appear to exist. Nonetheless, because the Court finds that it lacks subject matter jurisdiction by operation of the domestic relations exception, it need not decide whether Plaintiff sufficiently stated a basis for federal court jurisdiction in the first place.

against its existence." *Salzer v. SSM Health Care of Okla. Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014) (internal quotation marks omitted).

"Rule 12(b)(1) challenges may take two different forms." *Graff v. Aberdeen Enters., II, Inc.*, 65 F.4th 500, 507 (10th Cir. 2023). "The moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004). "When resolving a facial attack on the allegations of subject matter jurisdiction, a court must accept the allegations in the complaint as true." *Graff*, 65 F.4th at 507 (citing *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995)). "When the moving party attacks the factual basis for subject matter jurisdiction, on the other hand, a court 'may not presume the truthfulness of the factual allegations in the complaint, but may consider evidence to resolve disputed jurisdictional facts.'" *Id.* (quoting *SK Fin. SA v. La Plata Cnty., Bd. of Cnty. Comm'rs*, 126 F.3d 1272, 1275 (10th Cir. 1997)). "Reference to evidence outside the pleadings does not convert the motion to dismiss into a motion for summary judgment[.]" *SK Fin. SA*, 126 F.3d at 1275. "In such instances, a court has discretion to consider affidavits and other documents to resolve the jurisdictional question." *Graff*, 65 F.4th at 507 (citing *Holt*, 46 F.3d at 1003).

### III. Analysis

Plaintiff's allegations arise from his and Defendant's child custody dispute regarding C.R.S. and the related ongoing state court case, 21DR30902. *See Compl.* [#1] at 5-8 ("Cause of Action" section); *id.* at 7 (alleging that a state court judge is "presiding

over the parenting case . . . and has not ruled on the case 12 months d[e]spite hearing closing arguments one year ago"). Defendant argues that the Court lacks subject matter jurisdiction over Plaintiff's claims under the domestic-relations exception and the *Younger*[4] abstention doctrine. *See Motion* [#7] at 1, 7.

**Domestic Relations Exception**

The domestic relations exception is a judicially created exception to federal jurisdiction. It "divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992); *see also Ex parte Burrus*, 136 U.S. 586, 593-94 (1890) ("The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states and not to the laws of the United States."). However, the doctrine is narrow: it "encompasses only cases involving the issuance of a divorce, alimony, or child custody decree" and does not preclude federal courts from hearing, for example, tort claims alleging abuse or requests to enforce a valid state court divorce decree. *Ankenbrandt*, 504 U.S. at 704 (holding that the exception did not bar claims that the respondents "committed torts against [minor children]"); *Leathers v. Leathers*, 856 F.3d 729, 756 (10th Cir. 2017) (holding that the exception did not preclude a federal district court from "enforc[ing] [a] divorce decree according to its terms" and awarding the ex-wife mineral rights in property).

Stated simply, "a federal court cannot 'reopen, reissue, correct, or modify' an order in a domestic relations case." *Alfaro v. Arapahoe County*, 766 F. App'x 657, 659 (10th Cir. 2019) (quoting *Leathers*, 856 F.3d at 756). This is true even where the plaintiff attempts to disguise the dispute as, for example, a breach of contract. *Cf. Wyttenbach v.*

---

[4] The doctrine is named for the case *Younger v. Harris*, 401 U.S. 37 (1971).

5

*Parrish*, 496 F. App'x 796, 797 (10th Cir. 2012) (affirming dismissal of father's claim that mother breached the terms of a child custody order issued by a Texas state court) (citing *McLaughlin v. Cotner*, 193 F.3d 410, 413 (6th Cir. 1999)).

Some courts have limited the domestic relations exception to cases arising under diversity jurisdiction. *See* 13B CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE § 3609 n.4 (3d ed., June 2024 update); *see also Johnson v. Rodrigues (Orozco)*, 226 F.3d 1103, 1111 n.4 (10th Cir. 2000) (commenting on circuit split and declining to decide the issue). However, more recent Tenth Circuit case law has either directly or indirectly applied the exception to cases invoking federal question jurisdiction. *See, e.g.*, *Alfaro*, 766 F. App'x at 659-61 (affirming district court finding that domestic-relations exception barred plaintiff's constitutional claims challenging state court divorce and custody orders); *Wyttenbach*, 496 F. App'x at 797 (discussing the "long-entrenched if judge-made 'domestic relations exception' to the congressional *statutes* granting jurisdiction to the federal courts") (emphasis added); *Hunt v. Lamb*, 427 F.3d 725, 726-27 (10th Cir. 2005) (holding that a child custody case was not removable because, under the domestic relations exception, it could not have originally been filed in federal court even though the plaintiff alleged constitutional violations). In particular, the Tenth Circuit's decision in *Alfaro* required an implicit finding that the domestic relations exception can bar federal constitutional claims, not only state law diversity claims. *Alfaro*, 766 F. App'x at 660.

Here, Plaintiff has not set forth the basis for federal jurisdiction over his claim, but to the extent it arises in diversity, the domestic relations exception plainly applies. *Cf. Vaughan v. Smithson*, 883 F.2d 63, 64 (10th Cir. 1989) (discussing "the judicially carved

6

domestic relations exception to the diversity jurisdiction"). To the extent his claim arises under federal law, the Court follows *Alfaro* and other cases in concluding that, "[a]lthough the domestic relations exception is generally considered an exception to diversity jurisdiction, it may also be applied in federal question cases." *Watson v. State*, No. 15-9930-JAR-JPO, 2016 WL 1359868, at *4 & n.23 (D. Kan. Apr. 6, 2016) (collecting cases); *see also Winters v. Kan. Dep't of Soc. & Rehab. Servs.*, No. 10-2181-JAR-DJW, 2011 WL 166708, at *5 & n.24 (D. Kan. Jan. 19, 2011) (stating the same), *aff'd* 441 F. App'x 611, 612 (10th Cir. 2011). Either way, the domestic relations exception squarely fits this case. Plaintiff essentially seeks a child custody decree awarding him and Defendant equal time with C.R.S., in addition to penalties for Defendant's alleged noncompliance with a previously agreed-upon custody plan—but this is "the same type of determination made in state court domestic relations actions." *Vaughan*, 883 F.2d at 65; *see also Compl.* [#1] at 8 (prayer for relief). This Court lacks jurisdiction to grant the relief Plaintiff seeks.

The Court is not persuaded by Plaintiff's framing of this dispute as a breach of the "agreement in principle" that he and Defendant had reached in late 2021 governing custody of C.R.S. *Compl.* [#1] at 8; *see also Landrith v. Gariglietti*, 505 F. App'x 701, 703 (10th Cir. 2012) (stating that "attempts to 'disguise the true nature of' a domestic relations action in order to secure a federal forum" will not avoid application of the domestic relations exception) (citing *McLaughlin*, 193 F.3d at 413); *Wyttenbach*, 496 F. App'x at 797 (rejecting the plaintiff's attempt to frame his claims, which would have required the court to evaluate child custody arrangements and determine mother's compliance, as sounding in contract). Colorado state courts are better suited than this Court to make child custody determinations and Plaintiff alleges that a state court is currently presiding over

7

that very issue. *Compl.* [#1] at 7-8; *cf. Vaughan*, 883 F.2d at 65 ("State courts, with their relative expertness in domestic relations matters, are better suited for this task."). The Court finds that Plaintiff's claims are barred by the domestic relations exception to federal jurisdiction.

Accordingly, the Court **recommends** that Plaintiff's claims be **dismissed without prejudice** for lack of subject matter jurisdiction. *See, e.g.*, *Eagar v. Drake*, 829 F. App'x 878, 885 (10th Cir. 2020) ("Dismissals for lack of jurisdiction [are] without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.") (quoting *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006)) (alterations in original).[5]

### IV. Conclusion

Based on the foregoing,

IT IS HEREBY **RECOMMENDED** that the Motion [#7] be **GRANTED**.

IT IS FURTHER **RECOMMENDED** that Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction under the domestic relations exception.

---

[5] Defendant also raised the *Younger* abstention doctrine. *See Motion* [#7] at 7. Even if the doctrine applies, it could not dispose of Plaintiff's entire claim because his requested remedies include monetary relief and, under *Younger*, claims for monetary damages must be stayed rather than dismissed. *See Compl.* [#1] at 8 (seeking "$500 penalty for every day [Plaintiff] has less than 50% parenting time"); *cf., e.g.*, *Chapman v. Barcus*, 372 F. App'x 899, 902 (10th Cir. 2010) (applying *Younger* abstention and remanding to the district court with instructions "to stay proceedings on [the plaintiff's] damages claims and dismiss without prejudice his remaining claims"); *Bryant v. Mclean*, No. 23-cv-00997-NYW-KAS, 2024 WL 1195326, at *10 (D. Colo. Mar. 20, 2024) (stating that, under *Younger*, "[c]ourts in this District thus elect to stay proceedings on federal claims for money damages pending the resolution of the state court case"), *appeal dismissed*, No. 24-1123, 2024 WL 3963962 (10th Cir. May 10, 2024). Therefore, the Court declines to decide *Younger* abstention in the alternative.

IT IS FURTHER **ORDERED** that any party may file objections **within 14 days** of service of this Recommendation. In relevant part, Fed. R. Civ. P. 72(b)(2) provides that, "within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The objection must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *Id.* "[A] party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated: December 4, 2024

BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge